IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM H. JONES II, "Chip",<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ZANDER GROUP HOLDINGS, INC, ZANDER GROUP HOLDINGS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,, ZANDER GROUP HOLDINGS, INC. 401(K) PLAN, JEFFREY J. ZANDER, JJZ INSURANCE AGENCY PARTNERSHIP, ZANDER INSURANCE AGENCY, JOSHUA VOLLET, SHERVIN EFTEKHARI, ELIZABETH COLLINS, STEVEN JAMES, JOHN DOES 1-8, and JOHN DOES 4-8,<br><br>　　　　　Defendants. | 8:24CV428<br><br>ORDER |

　　　This matter comes before the Court on Defendants' objection to the magistrate judge's memorandum and order granting Plaintiff's motion to quash subpoena for documents and deposition subpoena. Filing No. 42. The Court overrules the objection.

　　　The magistrate judge's order, Filing No. 41, more thoroughly sets out the background of this case. In short, the parties are engaged in class-action litigation in the Middle District of Tennessee regarding Defendant's purported violations of ERISA in conjunction with rolling over the funds in Plaintiff's employee stock ownership plan account to a 401(k) account after Plaintiff's employment with Defendants ended. Filing No. 41 at 1–3. Plaintiff consulted with attorneys at the McGrath North law firm in Omaha, Nebraska, prior to, and during, the rollover of the funds. Defendants issued document subpoenas for Plaintiff's communication with his McGrath North attorneys and sought to

1

depose the attorneys as well.  Plaintiff moved to quash the subpoenas, arguing they sought irrelevant information and were protected by work-product and/or attorney-client privilege.  Magistrate Judge Nelson granted the motions to quash.

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A).  Gomez v. United States, 490 U.S. 858, 873-74 (1989); see also Fed. R. Civ. P. 72(a).  On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); see Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007).

A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996); see Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007).  A decision is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. v. Lincoln Nat'l Life Ins. Co., 592 F.Supp.2d 1087, 1093 (N.D. Iowa 2008)).  A magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes.  Bialas v. Greyhound Lines, Inc., 59 F.3d 759, 764 (8th Cir. 1995).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering a variety of factors.  Fed. R. Civ. P. 26(b)(1).  Although the scope of discovery is extremely broad, courts should not "allow fishing expeditions in discovery."  See Hofer v. Mack

*Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). The attorney-client privilege protects confidential communications between a client and his attorney made for the purpose of facilitating the rendering of legal services to the client." *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012). "Voluntary disclosure of attorney client communications expressly waives the privilege," and such waiver "covers any information directly related to that which was actually disclosed." *United States v. Workman*, 138 F.3d 1261, 1263-64 (8th Cir. 1998). Rule 26(b)(3) allows a party to discover materials "prepared in anticipation of litigation" only upon a showing that the requesting party has a substantial need for the material and cannot obtain the material or its equivalent elsewhere without incurring undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii).

Magistrate Judge Nelson correctly determined that the information Defendants sought was irrelevant to the underlying lawsuit. He noted that Plaintiff's allegations were that Defendants failed to comply with ERISA and the question of whether Plaintiff's incorrect beliefs regarding his rollover options may have been based on legal advice from his McGrath North attorneys was not of consequence to the causes of action. Filing No. 41 at 7. He further correctly rejected Defendants' contention that the attorneys' advice was relevant to the question of standing, noting this was a post-hoc rationale as the motion-to-dismiss briefing filed in the Tennessee court did not rely on the attorney–client communications when discussing standing. Filing No. 41 at 7–8. Magistrate Judge Nelson further concluded that even if the materials sought were relevant, the Court would still be required to quash the subpoenas because the information was protected by the attorney–client and work-product privileges. Filing No. 41 at 8–9. He correctly determined that Plaintiff had waived privilege only as to two emails he shared with third

parties, not the entirety of his communication with his attorneys, and that he did not put his attorneys' advice "at issue" in the Tennessee case.

Having reviewed the pleadings and the relevant law, the Court concludes Magistrate Judge Nelson's order is neither clearly erroneous nor contrary to law. Accordingly,

IT IS ORDERED:

1. Defendants' Objection to Magistrate Judge's Order, Filing No. 42, is overruled.

Dated this 11th day of July, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge